1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    CHARLES DIMRY,                          Case No. 16-cv-01413-JD

8                  Plaintiff,

9            v.                              **ORDER RE MOTION TO DISMISS**

10   THE BERT BELL/PETE ROZELLE NFL          Re: Dkt. No. 18
     PLAYER RETIREMENT PLAN, et al.,

11                Defendants.

12

13          Former NFL player Charles Dimry challenges the denial of disability benefits by the Bert

14   Bell/Pete Rozelle NFL Player Retirement Plan and NFL Player Supplemental Disability Plan

15   (collectively, "the Plan").  Dkt. No. 1.  He alleges ERISA claims for: (1) recovery of total and

16   permanent employee benefits under 29 U.S.C. § 1132(a)(1)(B), (2) equitable relief for breach of

17   fiduciary duty, under 29 U.S.C. § 1132(a)(3), and (3) failure to produce documents, under 29

18   U.S.C. § 1024(b)(4).  The Plan moves to dismiss the equitable relief claim but does not challenge

19   the first or third claims.  Dkt. No. 18.  The Court heard oral argument from the parties on June 8,

20   2016, and dismisses the second claim with leave to amend.

21          To sustain the equitable relief claim, Dimry was required to allege "sufficient factual

22   matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*,

23   556 U.S. 662, 678 (2009) (internal quote omitted).  As Dimry acknowledged at the hearing, an

24   ERISA breach of fiduciary breach claim must be based on facts plausibly alleging that a claim

25   beyond his own was mishandled or that a plan-wide injury has occurred.  *Wise v. Verizon*

26   *Commc'ns, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010); *see also Reynolds v. Fortis Benefits Ins.*

27   *Co.*, No. C 06-06216 SI, 2007 WL 484782, at *8 (N.D. Cal. Feb. 9, 2007) (applying like standards

28   to claim brought under 29 U.S.C. § 1132(a)(3)); *Nalbandian v. Lockheed Martin Corp.*, No. 10-

United States District Court
Northern District of California

United States District Court
Northern District of California

cv-1242, 2011 WL 338809, at *4 (N.D. Cal. Feb. 1, 2011) (same).  Dimry brings the breach of fiduciary duty claim "both as an individual Plan participant and on behalf of all other . . . participants and beneficiaries of the Plan."  Dkt. No. 1 ¶ 36.  But he fails to allege any facts showing that the Plan follows a "uniform practice" of misconduct for "all NFL disability claims." *Id*. ¶ 39.  The only examples of misconduct alleged in the complaint involve his own individual claim.  That is not enough to sustain the fiduciary duty claim and it is dismissed with leave to amend.

The Plan also argued for dismissal on the ground that the second claim sought improper equitable relief.  While the Court declines to decide that question now, because dismissal is ordered for another reason, the parties are advised to review and consider *Moyle v. Liberty Mut. Retirement Ben. Plan*, Nos. 13-56330, 13-56412, 2016 WL 2946271, at *9-*10 (9th Cir. May 20, 2016) which states that Section 1132(a)(1)(B) and Section 1132(a)(3) "claims can proceed simultaneously if they plead distinct remedies" and that "reformation, surcharge, estoppel, and restitution are traditionally equitable remedies" that can be sought under Section 1132(a)(3).

If Dimry chooses to amend, he must file a new complaint by July 6, 2016.  The amended complaint may not add new claims or parties without seeking the Court's prior approval.

**IT IS SO ORDERED.**

Dated: June 14, 2016

JAMES DONATO
United States District Judge