UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DIMRY,<br><br>             Plaintiff,<br><br>     v.<br><br>THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN, et al.,<br><br>             Defendants. | Case No. 16-cv-01413-JD<br><br>**ORDER RE MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 39 |

Former NFL cornerback Charles Dimry challenges the denial of disability benefits by the Bert Bell/Pete Rozelle NFL Player Retirement Plan and NFL Player Supplemental Disability Plan (collectively, "the Plan"). Dkt. No. 38. He alleges ERISA claims for: (1) recovery of total and permanent employee benefits under 29 U.S.C. § 1132(a)(1)(B), (2) equitable relief for breach of fiduciary duty, under 29 U.S.C. § 1132(a)(3), and (3) failure to produce documents, under 29 U.S.C. § 1024(b)(4). On June 14, 2016, the Court dismissed the claim for equitable relief with leave to amend. Dkt. No. 33. Following the filing of the Amended Complaint, the Plan moved again to dismiss for failure to state a claim for equitable relief under Rule 12(b)(6). Dkt. No. 39. The Court heard oral argument on September 22, 2016 and dismisses with prejudice claim two for equitable relief.

The parties agree, as they must under the law, that a breach of fiduciary duty claim addresses injuries to the ERISA plan as a whole, but not injuries suffered by an individual participant. *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010). For this reason, Dimry's claim in the original complaint for equitable relief for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) was dismissed with leave to amend. Dkt. No. 33.

1	The amendments now before the Court do not save this claim. By his own admission, Dimry added just a few new allegations in the Amended Complaint. *See* Dkt. No. 43 at 3. Stripping away the purely conclusory statements and allegations that are based on his individual claim alone, Dimry alleges only that: the Plan holds regular specialist meetings; the Plan admitted in a letter that it "uniformly" accepts the reports of doctors hired by the NFL; in an ERISA lawsuit filed in another district and unrelated to this case, the complaint alleges that a doctor hired by the Plan disagreed with the player's treating doctors to conclude that the player could engage in sedentary work; and the Plan has publically stated that if there is a difference of opinion among doctors, it refers cases to the "Medical Advisory Physician." Dkt. No. 38 ¶¶ 19-22. Even when treated most favorably to the plaintiff, these allegations simply do not plausibly suggest that the Plan on a uniform basis is "misusing retained-physicians to withhold benefits from injured players, an abuse of the ERISA appeal process." Dkt. No. 43 at 2; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Amended Complaint is utterly devoid of anything close to factual allegations sufficient to meet the standards under Rule 8 for the equitable relief claim to proceed.

The final question is whether Dimry is entitled to yet another try at alleging an adequate claim on this point. The Court's discretion to dismiss with prejudice is "particularly broad" after prior leave to amend has been granted. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). Dimry has already had more than one opportunity to state a claim for breach of fiduciary duty under ERISA, and in response to the Court's inquiry at oral argument, Dimry's counsel could not articulate what new allegations he might add. Consequently, Count II of the First Amended Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: October 12, 2016

JAMES DONATO
United States District Judge