UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DIMRY,<br><br>    Plaintiff,<br><br>v.<br><br>THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN, et al.,<br><br>    Defendants. | Case No. 3:16-cv-01413-JD<br><br>**ORDER RE ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 86 |

In this benefits dispute under ERISA, plaintiff Dimry, a former NFL player, requests reasonable attorney's fees and costs incurred in winning a remand of his disability claim against defendants. The Court overturned defendants' denial of total and permanent disability benefits to Dimry because the administrative record indicated that defendants gave no consideration to Dimry's substantial body of medical opinions documenting a possible total disability, and instead relied exclusively on a doctor who was regularly paid substantial sums by defendants and consequently had a financial incentive to give opinions favorable to them. In addition, defendants did not take into account a determination by an administrative law judge at the Social Security Administration that there were no jobs in the national economy that Dimry could perform. For these and other reasons, the Court concluded that defendants had abused their discretion in denying Dimry's benefits claim, and remanded the matter for further proceedings consistent with its findings. *See generally* Dkt. No. 80. Dimry now requests an award of $279,300 in attorney's fees and $2,635.62 in costs. Dkt. No. 86.

The threshold question is whether Dimry is entitled to fees. ERISA provides that "reasonable attorney's fees and costs" are available "to either party" in the Court's discretion. 29 U.S.C. § 1132(g)(1). In contrast to other statutes, Section 1132(g)(1) does not limit awards to

"prevailing parties." *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 251-52 (2010). All that is required is that the party seeking fees must show "some degree of success on the merits." *Id.* at 255 (internal quotation omitted). The discretion to award fees is guided by the "general rule" that a successful ERISA plaintiff should, in the ordinary course, receive fees from the defendant. *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984).

There is no question that Dimry achieved considerable success on the merits of his claim. The Court set aside the denial of his disability claim for abuse of discretion, which in any reckoning is a substantial and positive result. That the matter was remanded for further consideration is no bar to a fee award. *Hardt* expressly contemplated that a remand "without more" could constitute "some success on the merits," *Hardt,* 560 U.S. at 256, and the circumstances here amply establish that the remand was made to correct defendants' abuse of discretion in denying Dimry's claims, which effectively denied him the kind of fair review he was entitled to under ERISA. A fee award is perfectly appropriate on this record, and our circuit has held as much in two unpublished opinions. *See Flom v. Holly Corp.*, 276 Fed App'x 615, 616-17 (9th Cir. 2008); *Mizzell v. Provident Life & Accident Ins. Co.*, 32 Fed App'x 352, 353-54 (9th Cir. 2002).

The next question is whether the requested fees are reasonable. Dimry's lawyers seek hourly rates of $450 for the associate on the case, and $900 for the partner. They support these hourly rates with evidence of prevailing rates in the market in the form of declarations from ERISA attorneys not involved in this dispute, and citations to fee awards in other cases that approved similar, albeit somewhat lower, hourly rates. *See, e.g.,* Dkt. No. 86 at 8-9; Dkt. No. 91 at 7-9; Dkt. No. 92-1. The attorneys also provided their time records, which present in a lodestar approach the time spent on specific tasks by each lawyer, and the amount billed for these tasks. Dkt. No. 86-3.

These materials discharged the fee claimant's burden of submitting evidence supporting the reasonableness of their rates, time use and overall bills. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Welch v. Metropolitan Life Ins. Co.,* 480 F.3d 942, 945 (9th Cir. 2007). Defendants do not present any facts to rebut or discount these showings. *See* Dkt. No. 90 at 7-9. They offer

only generic complaints that the rates and fees were excessive, unsupported by counter-declarations or other meaningful evidence to prove their point. Their criticism of the billing entries is equally general and unhelpful to their argument. *See* Dkt. No. 90-1. Moreover, the Court's review of the attorney time entries shows that they were consistent with good practices in terms of detail and specificity. Overall, defendants have not tendered any evidence that might call into question the reasonableness and fairness of the hourly rates and total fees plaintiff's counsel seek. *See United Steelworkers of America v. Retirement Income Plan for Hourly-Rated Employees of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008).

Defendants' objection that Dimry should not get full fees because a few claims were dismissed early in the case is also unpersuasive. All of Dimry's claims arose from the same core of facts such that the work done on the dismissed claims was likely to have aided and overlapped with the successful abuse of discretion claim. Defendants have not shown otherwise, or that the dismissed claims were entirely distinct from the successful one. That is enough to find that all of Dimry's claims were related for fee award purposes. *See Hensley*, 461 U.S. at 440; *Schwarz v. Sec'y of Health & Human Servs.,* 73 F3d 895, 903 (9th Cir. 1995); *see also Younkin v. Prudential Ins. Co. of America*, 288 Fed App'x 344, 346 (9th Cir. 2008).

An award of fees and costs is also warranted under the guidelines in *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 453 (9th Cir. 1980). Strictly speaking, these factors are not contained in Section 1132(g)(1) and are not required by the statute to be taken into account. *See Hardt*, 560 U.S. at 254-55. However, our circuit has "traditionally" looked to the *Hummell* guidelines and requires that they be considered, which *Hardt* did not foreclose. *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (2010) (citing *Hardt*, 560 U.S. at 255 n.8).

An award here amply satisfies the five *Hummell* factors. First, defendants manifested a degree of culpability and bad faith in denying Dimry's claim in the manner discussed in the merits order, Dkt. No. 80. Second, there is no dispute that defendants have the ability to pay the claimed fees and costs. Third, the award should have a deterrent effect on defendants from engaging in a similar abuse of discretion in handling other claims. Fourth, other claimants will be able to rely on

the Court's merits decision to prosecute other benefits claims with defendants. And fifth, the relative merits tilted substantially in Dimry's favor, as the remand order concluded.

Nothing in the record indicates that this case should depart from the general rule of awarding fees and costs to successful ERISA litigants. Consequently, fees and costs are awarded as follows: (1) $279,370 in fees up to this motion; (2) $13,230 in fees for this motion (Dkt. No. 91-2); (3) $2,635.62 in costs; and (4) post-judgment interest at a rate and in an amount to be stipulated to by the parties as guided by statute. The stipulation should be filed by **January 14, 2019**. Pre-judgment interest was not requested and the Court declines to award it. *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627-28 (9th Cir. 2007).

**IT IS SO ORDERED.**

Dated: December 22, 2018

JAMES DONATO
United States District Judge